C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
  LEROY PEOPLES,                                   :

                                                 : **MEMORANDUM DECISION AND**
                        Petitioner,      : **ORDER**

      - against -                         : 23-cv-4854 (BMC)

  N.Y.S. BOP CHAIRMAN, *et al.*,         :

                        Respondents.   :
---------------------------------------------------------- X

**COGAN**, District Judge.

      In this habeas corpus proceeding brought under 28 U.S.C. § 2254, petitioner seeks to vacate the decision of the New York State Board of Parole to revoke his term of post-release supervision. The Attorney General has moved to dismiss on the ground that petitioner is in the process of, but has not yet completed, exhausting his state law remedies, and thus his claims are premature. The Attorney General is correct, and the habeas petition is dismissed without prejudice for failure to exhaust.

## BACKGROUND

      Over twenty years ago, Petitioner pleaded guilty to two counts of rape in New York State Supreme Court, Queens County. After completing the custodial portion of his sentence, petitioner entered post-release supervision in 2019. A parole violation warrant was lodged on June 18, 2021, and petitioner was declared delinquent on June 24, 2021. After a hearing, an ALJ sustained one violation and ordered revocation of parole and return to custody until the latest expiration date of his sentence. On February 1, 2023, the New York State Board of Parole affirmed the ALJ's decision.

On February 16, 2023, petitioner filed a *pro se* petition for a writ of habeas corpus in the New York Supreme Court, Clinton County, in which he challenged the revocation of parole pursuant to N.Y. C.P.L.R. Article 70. That court appointed counsel for him. The State moved to dismiss the Article 70 petition for failure to effect proper service, and that motion was briefed through counsel.

On May 18, 2023, petitioner's appointed counsel moved to convert the Article 70 petition into an Article 78 petition. On May 26, 2023, the Clinton County Supreme Court denied the State's motion to dismiss and granted petitioner's motion to convert the Article 70 petition into an Article 78 petition. Again, the State moved to dismiss for failure to properly effect service.

Petitioner filed a letter with the Clinton County Supreme Court on September 5, 2023, advising that he no longer wanted to proceed through counsel but wanted to proceed *pro se*; moving to withdraw his pending Article 78 petition; and arguing in opposition to the State's motion to dismiss for improper service. That motion (and the State's motion to dismiss) has not been decided and remains pending in state court now.

**DISCUSSION**

Exhaustion is a fundamental prerequisite for habeas corpus relief. See 28 U.S.C. § 2254(b)(1)(A). For a petitioner to have exhausted his claim in state court, he must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review) . . . ." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotations and citations omitted). A claim has been fairly presented where the petitioner has "informed the state court of both the factual and the legal premises of the claim he asserts in federal court." Bierenbaum v. Graham, 607 F.3d 36, 47 (2d Cir. 2010) (internal quotations and citations omitted); see also Blissett v. Lefevre, 924 F.2d 434, 438 (2d Cir. 1991). A petition seeking

2

habeas corpus relief for a parole revocation is just as much subject to the exhaustion requirement as one seeking relief for a criminal conviction, see Cook v. N.Y.S. Div. of Parole, 321 F.3d 274, 278 & n.3 (2d Cir. 2003), even if the petitioner claims he is entitled to immediate release. See Masselli v. U.S. Parole Comm'n, 631 F. Supp. 1442, 1446 (S.D.N.Y. 1986); see also Guida v. Nelson, 603 F.2d 261, 262 (2d Cir. 1979). Under New York law, the proper procedure for seeking judicial review of the administrative revocation of parole is through an Article 78 proceeding, and then to the highest state court that can exercise appellate review of that proceeding. See Scales v. N.Y.S. Div. of Parole, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005).

In opposing the Attorney General's motion to dismiss the instant proceeding, petitioner has not offered any adequate justification for his failure to exhaust his claims in state court. First, he asserts that, contrary to the Attorney General's assumption, his motion to withdraw his Article 78 petition is not an attempt to re-convert it back to an Article 70 petition – he just wants to withdraw it. But if the state court ultimately allows him to do that, it would only exacerbate, not solve, his exhaustion problem in this Court. Obviously, a party cannot avoid availing himself of state court review and then assert that he has exhausted his claims. See, e.g., Dominguez v. Rock, No. 12-cv-3269, 2016 WL 542120, *8 (E.D.N.Y. Feb. 9, 2016). That would gut the exhaustion requirement entirely.

Petitioner has two responses to this. First, he assumes that the state court will grant his motion to withdraw his Article 78 petition, and when it does, he will be time-barred from filing it again. I don't know whether he's correct on the timing. Perhaps the state court will appoint another lawyer who can advise him not to pursue this self-defeating action. Perhaps petitioner, upon reading this decision, will realize he is in a worse position if the state court grants his

3

request to withdraw his Article 78 petition, and he will tell the state court that he wants to withdraw his request to withdraw.

Petitioner will be worse off if the Article 78 petition is withdrawn because if he is time-barred from refiling in state court, he will be procedurally barred from having his claims reviewed here in federal court. Just as a federal habeas petitioner cannot avoid his exhaustion obligation by deliberately failing to utilize state procedures, he cannot avoid it by deliberately allowing a statute of limitations to expire so that the state court cannot grant him relief. See Alke v. Artus, No. 12-cv-5977, 2013 WL 4700828, *2 (E.D.N.Y. Sept. 1, 2013).

Petitioner seems aware of this but argues that he should not be procedurally defaulted under the exception for "miscarriage of justice." I am not going to reach that argument here because he is not now procedurally defaulted. See, e.g., Coleman v. Thompson, 501 U.S. 724, 750 (1991). I will only note that if he succeeds in deliberately manufacturing his own procedural default by not seeking full review in state court, it might be difficult to conclude that the state courts have committed a "miscarriage of justice."

Petitioner's second effort at special treatment is based on his misunderstanding of the law. He cites cases like O'Sullivan v. Boerkel, 526 U.S. 838, 844 (1999), which note that once a petitioner has exhausted claims to the state's highest court, he need not invoke state collateral review procedures to re-present the same claims, even if those procedures are theoretically available under state law. But that is not what is happening here at all.

New York law provides a single avenue of judicial review for an alleged improper revocation of parole – an Article 78 proceeding in state supreme court and, if unsuccessful there, appellate review of that proceeding. See N.Y. C.P.L.R. § 7804(b) (2015). Petitioner is not being asked to do anything twice, and he is not being asked to bring a collateral proceeding. In this

4

context, his pending Article 78 petition will receive direct review under state law, and he is only being asked to do it once.

Finally, plaintiff seeks to be relieved of his obligation to exhaust because he is "factually and actually innocent." The argument has something to do with the ALJ's receiving into evidence certain telephone calls that were (allegedly) not listed in the statement of charges against petitioner or pertained to a period other than the one during which he was charged. Petitioner's brief does not explain why these phone calls demonstrate his innocence. Nonetheless, whatever the evidentiary issue was with those calls, it does not reach the level of a showing a claim of actual innocence.

## CONCLUSION

The petition is denied, and the case is dismissed. No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A). *In forma pauperis* status is denied for purposes of an appeal, as an appeal would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　*Brian M. Cogan*
　　　　　　　　　　　　　　　　　　　　U.S.D.J.

Dated: Brooklyn, New York
　　　　October 2, 2023